# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF ILLINOIS

SHANTELA STACKHOUSE as Independent )
Administrator of the Estate of C.M. )
)
    Plaintiffs, )
)
  vs. )   Case No. 22-cv-1367
)
UNITED STATES OF AMERICA )
)
    Defendant. )

## ORIGINAL COMPLAINT

COMES NOW Plaintiff, SHANTELA STACKHOUSE as Independent Administrator of the Estate of C.M., hereinafter "Plaintiff," by and through her attorneys, Keith Short of Keith Short and Associates, P.C., and Daniel W. Farroll of Goldenberg, Heller & Antognoli, for her cause of action against Defendant, hereby states as follows:

## COUNT I

1.    SHANTELA STACKHOUSE, is a resident of the City of Granite City, County of Madison and State of Illinois.  SHANTELA STACKHOUSE presented as a patient at Alton Memorial Hospital, on July 23, 2019, pregnant with an unborn baby boy, C.M., who had a gestational age of 39 weeks and 3 days.  At that time, C.M. was an unborn, full-term, viable and healthy baby boy.

2.    On July 20, 2021, the Probate Division of the Circuit Court of Madison County, Illinois, appointed SHANTELA STACKHOUSE **Independent Administrator** of the Estate of C.M.

3.    Southern Illinois Healthcare Foundation, Inc., is a healthcare organization that employs physicians who provide care and treatment in several areas of medicine, including in the area of gynecology and obstetrics.

4. Dr. Jamie L. Hardman was an admitting and attending physician assigned to SHANTELA STACKHOUSE and her unborn, full term and viable baby boy, while at Alton Memorial Hospital on July 23, 2019.

5. Dr. Geoffrey Lowell Turner was an admitting and attending physician assigned to SHANTELA STACKHOUSE and her unborn, full term and viable baby boy, while at Alton Memorial Hospital on July 23, 2019.

6. Dr. Jamie L. Hardman was an agent, apparent agent, servant and/or employee of Southern Illinois Healthcare Foundation, Inc., when SHANTELA STACKHOUSE and her unborn, full term and viable baby boy, were patients at Alton Memorial Hospital on July 23, 2019.

7. Dr. Geoffrey Lowell Turner was an agent, apparent agent, servant and/or employee of Southern Illinois Healthcare Foundation, Inc., when SHANTELA STACKHOUSE and her unborn, full term and viable baby boy, were patients at Alton Memorial Hospital on July 23, 2019.

8. Dr. Jamie L. Hardman was an agent, apparent agent, servant and/or employee of Defendant, UNITED STATES OF AMERICA, when SHANTELA STACKHOUSE, and her unborn, full term and viable baby boy, were patients at Alton Memorial Hospital on July 23, 2019.

9. Dr. Geoffrey Lowell Turner was an agent, apparent agent, servant and/or employee of Defendant, UNITED STATES OF AMERICA when SHANTELA STACKHOUSE and her unborn, full term and viable baby boy, were patients at Alton Memorial Hospital on July 23, 2019.

10. Southern Illinois Healthcare Foundation, Inc., was an agent, apparent agent, servant and/or employee of UNITED STATES OF AMERICA when SHANTELA

STACKHOUSE and her unborn, full term and viable baby boy, were patients at Alton Memorial Hospital on July 23, 2019.

11. On July 23, 2019, SHANTELA STACKHOUSE and her unborn, full term and viable baby boy, C.M., presented to Alton Memorial Hospital at gestational age 39 weeks, 3 days with complaints of cramps and contractions at 09:35 a.m.

12. On July 23, 2019, SHANTELA STACKHOUSE and her unborn, full term and viable baby boy, C.M., were observed and monitored in the Women's Health and Childbirth Center, also known as Labor and Delivery department of Alton Memorial Hospital by Diane M. Lahey and by Defendant's agents, Dr. Jamie L. Hardman and Dr. Geoffrey Lowell Turner. Between the time of admission at 9:35 a.m. and discharge at 11:50 a.m., the physical examination, vital signs and laboratory testing performed on SHANTELA STACKHOUSE and her unborn, full term and viable baby boy, C.M., revealed signs and symptoms of elevated blood pressure and 2+ protein in her urine.

13. On July 23, 2019, Dr. Geoffrey Lowell Turner ordered discharge of SHANTELA STACKHOUSE and her unborn, full term and viable baby boy, C.M., via telephone with read back to Nurse, Diane M. Lahey, R.N. at 11:43 a.m.

14. When she presented to Alton Memorial Hospital on July 23, 2019, SHANTELA STACKHOUSE had a healthy pregnancy, having carried a healthy fetus with all expectations that the unborn, full term and viable baby boy, C.M. would be born as a healthy baby boy. Furthermore, had the unborn child, C.M. been delivered prior to discharge from Alton Memorial Hospital on July 23, 2019, he was viable as a full-term baby on July 23, 2019.

15. On July 23, 2019, SHANTELA STACKHOUSE and her unborn, full term and viable baby boy, C.M., were discharged at 11:50 a.m. by Defendant's agents, apparent agents, servants and/or employees.

16. Before discharge from Alton Memorial Hospital, there were no contraindications for delivery.

17. On July 23, 2019 at 15:31, SHANTELA STACKHOUSE and her unborn, full term and viable baby boy, C.M., presented to Gateway Regional Medical Center via EMS. SHANTELA STACKHOUSE presented with low blood pressure and had been vomiting. She also had been experiencing constant pain with abdomen firm/hard to palpation on left side, with fluids wide open, and staff was unable to get fetal heart tones from her unborn, full term, baby boy, C.M.. SHANTELA STACKHOUSE and her unborn child, C.M., were found to have suffered one hundred percent (100%) placental abruption and they were taken emergently for cesarean section.

18. On July 23, 2019, at 15:47, the full-term baby, C.M., was delivered by emergent cesarean section at Gateway Regional Medical Center.

19. On July 23, 2019 at 15:50, CPR was initiated on C.M.

20. On July 23, 2019 at 16:16, C.M. was pronounced expired.

21. On July 24, 2019, SHANTELA STACKHOUSE was treated emergently for hemorrhage post placenta abruption.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

22. There are three claims arising from the underlying facts.

    a. Claim #1 represents Shantela Stackhouse's medical malpractice claim.

    b. Claim #2 represents the wrongful death claim seeking damages sustained by Shantela Stackhouse as a consequence of the death of her baby, C.M.

  c. Claim #3 represents the survival action seeking recovery for the pain and suffering of the minor baby, C.M., for the hypoxia from 100% placental abruption.

23. Anticipating that the medical malpractice and wrongful death claim against Southern Illinois Healthcare Foundation may fall under the provisions of the Federal Tort Claims Act, an administrative claim for medical malpractice was submitted by cover letter dated November 20, 2020, including Standard Form 95, six typed exhibits and Medical Records (hereinafter "Administrative Claim #1" or "Administrative Claim Package #1") via Federal Express delivery to the United States Department of Health and Human Services.

24. Administrative Claim Package #1 was received by the U.S. Department of Health and Human Services on November 23, 2020.

25. The second related administrative claim for the "personal injuries and wrongful death of C.M." was submitted by cover letter dated November 20, 2020, including Standard Form 95, seven typed exhibits and Medical Records (hereinafter "Administrative Claim #2" or "Administrative Claim Package #2") via Federal Express delivery to the United States Department of Health and Human Services.

26. Administrative Claim Package #2 was received by the U.S. Department of Health and Human Services on November 23, 2020.

27. Plaintiff's third administrative submittal dated July 21, 2021, sought damages under the Illinois Survival Act for the pain and suffering of the baby, C.M. (hereinafter "Administrative Claim #3" or "Administrative Claim Package #3"). The Third Administrative Submittal accompanied by letter dated July 21, 2021, Standard Form 95, seven typed Exhibits and Medical Record Copies (hereinafter "Administrative Submittal

#3" or "Administrative Submittal Package #3") was sent via United Parcel Service "UPS" overnight delivery.

28.     Administrative Submittal Package #3 was received by the U.S. Department of Health & Human Services on July 22, 2021 at 7:06 a.m.

29.     On January 26, 2022, the United States Department of Health and Human Services denied Administrative Claim #3, seeking the survival damages sustained by C.M.

30.     On July 22, 2021, Plaintiff and Shantela Stackhouse filed a garden-variety, state law medical malpractice, wrongful death and survival action against Alton Memorial Hospital, Diane M. Lahey, R.N., Southern Illinois Healthcare Foundation, Inc., Dr. Geoffrey Lowell Turner, and Dr. Jamie Hardman (hereinafter "Lawsuit #1"). Southern Illinois Healthcare Foundation, Inc., was served on August 27, 2021, Dr. Jamie Hardman was served on August 31, 2021 and Dr. Geoffrey Lowell Turner was served on September 7, 2021. The United States of America was not named as a defendant in Lawsuit #1.

31.     In Lawsuit #1, on February 11, 2022, more than six months after filing Lawsuit #1 in state court, the United States of America issued a Certification of Scope of Employment in which the U.S. Attorney certified that at all times relevant to the action, Southern Illinois Healthcare Foundation, Inc., Dr. Turner and Dr. Hardman were deemed federal employees of the United States of America.

32.     In Lawsuit #1, also on February 11, 2022, the United States of America filed a Notice of Removal and Motion to Dismiss Southern Illinois Healthcare Foundation, Inc., Dr. Turner and Dr. Hardman and to substitute the United States in their stead. This lawsuit is currently pending in the United States District Court for the S.D. Illinois, bearing cause number 22-CV-246-NJR.

33. In Lawsuit #1, on March 28, 2022, the District Court entered an Order substituting the United States of America for Defendants, Southern Illinois Healthcare Foundation, Inc., Dr. Turner and Dr. Hardman. See Doc. # 21 filed in Case No. 22-CV-246-NJR (S.D. IL).

34. In Lawsuit #1, Defendant, USA challenged exhaustion of administrative remedies for Claim #3 in an affirmative defense, but did not articulate a factual or legal basis for that position. See Doc. # 21 filed in Case No. 22-CV-246-NJR (S.D. IL).

35. In view of the USA challenging exhaustion of administrative remedies for Claim #3 in Lawsuit #1, Plaintiff filed this separate action (hereinafter "Lawsuit #2") against the USA to bring to fruition an independent factual basis for exhaustion of administrative remedies.

36. There are two separate reasons supporting Plaintiff's exhaustion of administrative remedies for Claim #3.

   a. In lawsuit #1, Administrative Submission #3 was received by the USDHHS on July 22, 2021, and lawsuit #1 was not one an FTCA lawsuit or otherwise one against the USA until after February 11, 2022, when the government filed its Certificate of Scope of Employment and Notice of Removal. Because six months passed between July 22, 2021 and February 11, 2022, administrative remedies may be deemed exhausted.

   b. Lawsuit #2 is brought within six months after the USDHHS denied Administrative Claim #3 on January 26, 2022.

37. Upon filing the lawsuit, Plaintiff intends to identify as a related action, Case No. 22-CV-246-NJR (S.D. IL.), and seek consolidation of Lawsuit #2 with Lawsuit #1 so

that this court can consider two separate bases for exhaustion of administrative remedies for compliance with the Federal Tort Claims Act.

38. Plaintiff is entitled to recovery pursuant to the Federal Tort Claims Act, 28 U.S.C. §1346(b), 28 U.S.C. §2674 and 42 U.S.C. §233(a).

39. Subject matter jurisdiction exists under 28 U.S.C. §1346 providing for exclusive jurisdiction in United States District Courts for claims against the United States of America.

## SUBSTANTIVE ALLEGATIONS

40. That at all times herein mentioned, Defendant UNITED STATES OF AMERICA, through one or more of its agents, apparent agents, servants and/or employees, was guilty of one or more of the following negligent acts or omissions:

   a. Negligently and carelessly failed to appreciate Shantela Stackhouse's elevated blood pressures and/or its significance;

   b. Negligently and carelessly failed to appreciate Shantela Stackhouse 2+ protein in her urine and/or its significance;

   c. Negligently and carelessly failed to inquire into or recognize that the patient complaints, vital signs, laboratory findings and/or other clinical features indicated that she was too unstable for discharge, at increased risk for placental abruption and/or exhibiting symptoms of preeclampsia;

   d. Negligently and carelessly failed to inquire into, appreciate and/or proceed with a further workup of Shantela Stackhouse's elevated blood pressure, by not ordering labs or asking about symptoms common to preeclampsia;

   e. Negligently and carelessly failed to appreciate that Shantela Stackhouse was too unstable for discharge;

   f. Negligently and carelessly failed to formulate a differential diagnosis which could or might explain Shantela Stackhouse's complaints, laboratory findings, vital signs and/or other complaints prior to discharge;

   g. Negligently and carelessly discharged Shantela Stackhouse and her unborn, full-term and viable baby boy without a correct diagnosis or a diagnosis that would provide an explanation for the

      vital signs, as well as other signs and/or symptoms and/or fetal distress;

  h. Negligently and carelessly allowed Shantela Stackhouse to be discharged without an examination being conducted by a physician;

  i. Negligently and carelessly facilitated the discharge of Shantela Stackhouse without implementing hospital chain of command protocol to address the patient safety issue created when a physician ordered discharge of a patient who is pregnant with a full-term, viable baby, when there are signs and symptoms of instability, preeclampsia and/or other symptomology without insisting on a physician examination;

  j. Negligently and carelessly failed to arrive at AMH to conduct a physical examination of the patients and to assess the signs and symptoms of distress and/or impending harm, including hypertension, protein in the urine and other signs concerning for the development of preeclampsia; and/or

  k. Negligently and carelessly failed to deliver the unborn, full-term baby boy prior to discharge.

    41. As a direct and proximate result of the aforementioned negligence, C.M., a full-term, unborn and viable baby boy, suffered the effects of 100% placental abruption which disrupted the ability of the unborn, full-term and otherwise viable baby boy to receive sufficient oxygen to maintain life *in utero*. As a consequence of being deprived of life-sustaining oxygen, the unborn, full-term and otherwise viable baby boy, C.M., experienced conscious pain and suffering when his vital organs and tissues were deprived of oxygen, such conscious pain and suffering being so extreme as to produce extraordinary terror and fear in the unborn, full-term and otherwise viable baby boy, and ultimately his death.

    **WHEREFORE**, Plaintiff, SHANTELA STACKHOUSE, Independent Administrator of the Estate of C.M., prays for judgment against Defendant, UNITED STATES OF AMERICA, in the amount that is fair and reasonable and fully compensates the Estate

of C.M. with due consideration for the injuries, suffering and damages in the amount of $15,000,000.00 (Fifteen Million Dollars), and for costs herein expended.

                    Respectfully Submitted,

BY:   /s/Keith Short_____
       Keith Short   #6210044
       Keith Short and Associates, P.C.
       325 Market Street
       Alton, IL  62002
       (618) 254-0055   phone
       (618) 254-1272   fax
       keith@siltrial.com

and

BY:   /s/Daniel W. Farroll_____
       Daniel W. Farroll    #6210602
       Goldenberg Heller & Antognoli, P.C.
       2227 South State Route 157
       Edwardsville, Illinois 62025
       (618) 656-5150   phone
       (618) 656-6230   fax
       dfarroll@ghalaw.com